Michael P. Fiflis (#016486)
7454 E. Camino Rayo De Luz
Scottsdale, Arizona 85266-4295
(602) 862-0220
fiflaw@cox.net

Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL FIFLIS, | ) |
| | ) No. |
| Plaintiff, | ) |
| | ) |
| v. | ) COMPLAINT |
| | ) |
| INTERNAL REVENUE SERVICE, an agency of the United States of America, | ) (Claim for recovery of internal revenue tax - 28 USC §7422) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff for his Complaint against defendant alleges as follows:

### Count I

(Claim for recovery of internal revenue tax - 28 USC §7422)

1. At all material times, plaintiff was and is a citizen of the United States and a resident of Maricopa County, Arizona.

2. Defendant Internal Revenue Service is an agency of the United States government.

3. Jurisdiction over this claim is proper in this Court pursuant to 28 USC §1346(a)(1). Venue is proper in this Court pursuant to 28 USC §1391(e)(1).

4. On or before April 15, 2015, plaintiff filed and was automatically granted an extension of time to file his income tax return for calendar year 2014 to on or before October 15, 2015.

5. On October 15, 2018, plaintiff filed his 2014 income tax return. Specifically, on October 15, 2018, plaintiff deposited in the United States Mail his 2014 tax return in a sealed envelope, with the correct postage, properly addressed, and postmarked on the same date.

6. On the 2014 return, plaintiff applied the overpayment of 2014 taxes to 2015 taxes.

7. A claim for an overpayment in the form of a tax return is timely filed if it is postmarked within three years of the overpayment, plus any extension of time for filing the return. 26 USC §§6511, 7502(a)(1).

8. Pursuant to 26 U.S.C. Sec. 6513(b)(2), the overpayment is deemed to have occurred on the last day the return was due.

9. Accordingly, the period of time to file a claim for overpayment extended to at least October 15, 2018.

10. The filing of the 2014 return thus was a timely claim for the overpayment.

11. On or after April 25, 2019, the Internal Revenue Service disallowed the claim for the overpayment made by the 2014 tax return.

12. On May 16, 2019, plaintiff appealed in writing the decision to the Office of Appeals for the Internal Revenue Service. To date, and despite repeated inquiry, the Internal Revenue Service has not notified plaintiff of the acceptance or rejection of his appeal or a decision upon that appeal.

13. As the claim to apply the 2014 overpayment to 2015 income taxes was timely filed, plaintiff is entitled to a credit for that overpayment on his 2015 income taxes.

WHEREFORE, plaintiff prays for judgment:

1. declaring that a) plaintiff's 2014 income tax return was a timely filed claim for overpayment of 2014 taxes and b) plaintiff's 2014 overpayment shall be applied to his 2015 taxes.

2. For plaintiff's and costs incurred herein; and

3. For such other and further relief as the Court deems just.

DATED this 19th day of April, 2021.

                                              s/ Michael P. Fiflis
                                              Michael P. Fiflis
                                              Plaintiff